CORNELIUS HORAN v. TAYLOR, BASTROP & HOUSTON R'Y Co.

(No. 2582.)

APPEAL from Fayette County. Opinion by WHITE, P. J.

MOORE & DUNCAN, counsel for appellant.

BROWN & DUNN, counsel for appellee.

§ 435. *Cattle-guards on railroads; liability of company for injuries resulting to stock from defective or improper construction of; case stated.* Appellant sued appellee to recover damages for injuries resulting in the

death of a mule, which injuries were occasioned by a cattle-guard on appellee's line of railway. The mule attempted to cross on said cattle-guard into the inclosure of one December, and fell through said cattle-guard, and was so injured by the fall that appellant killed it to relieve it of its misery. Said mule was running upon the range with some horses. The horses crossed over the cattle-guard into the inclosure, their hoofs being broader than those of the mule and broader than the spaces between the rails or cross-bars of the cattle-guard. It was alleged in the petition that the cattle-guard was negligently and defectively constructed. Verdict and judgment were rendered against appellant and in favor of appellee for costs. Among other matters the court instructed the jury as follows: "In considering the sufficiency of the cattle-guard in question in this suit you will take into consideration the customary construction of cattle-guards by this and other railroad companies in the state of Texas; and if you believe from the evidence that the cattle-guard in question in this suit was constructed in the customary way, and thereafter kept in good repair, you will return a verdict for the defendant." Our statute expressly provides that "each and every railroad company whose railway passes through a field or inclosure is required to place a good and sufficient cattle-guard or stop at the points of entering such field or inclosure and keep them in good repair." [R. S. art. 4240.] "Such cattle-guards or stops shall in all cases be so constructed and kept in repair as to protect such fields and inclosures from the depredations of stock of every description." [R. S. art. 4242.] No plan, specification or description of such guard or stop is given in the statute. It is manifest, however, that, in so far as the owner of the inclosure is concerned, such guard or stop must be so constructed as to be "sufficient" to prevent the depredations of stock of every description, and a failure to so construct and keep in repair will render the company liable to the owner of the inclosure for all injuries from the depreda-

tions of stock caused by such failure. While the protection intended and afforded by the statute is mainly in the interest of the owner of the inclosure, he is not the only party interested. If injury be occasioned to other parties by the failure to perform this duty, or by its negligent performance, they are entitled to recover damages therefor. The duty of the company to construct and maintain cattle-guards, whilst mainly for the protection of the proprietor of the inclosure, is also in the nature of a police regulation for the benefit of the general public, just as is the statutory obligation to fence the right of way; and to give effect to that object it should be so construed and made to extend to all parties who, though not interested in the inclosure, have stock injured by a failure to perform the duty. [Cooley on Torts, pp. 650–655; 1 Thompson, Neg. p. 517 and note 6.]

A railroad company, like a private individual, when it seeks to exercise any right conferred, or to perform any duty imposed by law, must do so in such manner as will not cause injury to the rights and property of others. Injuries arising from negligence, want of skill, improper construction of the work, or other wrong done by the corporation in or about the execution or maintaining of it, are actionable, and can be redressed. The instruction given by the court, above quoted, is erroneous. The question in the case was whether or not the injury to the mule was occasioned by the negligent construction of the cattle-guard. By said instruction that question was to be settled by another; that is, whether or not the cattle-guard was constructed in the customary manner in use on said railroad and other railroads in this state. That said guard was constructed in the usual manner might be proved by the company, such proof to be considered in connection with all the evidence in the case upon the question of negligence; but such proof alone does not establish the sufficiency of the guard and relieve the company from liability. [Temperance Hall Ass'n v. Giles, 33 N. J. L. 260; 1 Thomp. on Neg. p. 345,

§ 7; p. 574, § 17.] As to the owner of the inclosure the statute furnishes the test as to the sufficiency of the cattle-guard. It must be sufficient to "protect his field and inclosure from the depredations of stock of every description." This is imperative, and nothing short of it will relieve the company from liability. As to other parties the rule is not so exacting; but even as to them, the cattle-guard must be so constructed as not to be a trap or snare to stock. It should be so constructed as that stock could easily see the danger of attempting to cross it, so that under ordinary circumstances an animal would not undertake to cross it. It should be constructed in such manner as an ordinarily prudent man would construct it, with a view to prevent injury to his stock, and at the same time to prevent the depredations of his stock upon his inclosure.

　　January 19, 1889.　　　　Reversed and remanded.